### VILLAGE OF BOGUECHITTO *v.* W. L. LEWIS ET AL.

MUNICIPAL TAXATION. *School purposes. Code* 1892, §§ 3014, 4014.

The last clause of code 1892, § 4014, relating to municipal taxation for separate school districts, is a limitation on the entire section; and the power given by the second clause thereof is not additional to that of municipalities under code 1892, § 3014, on the subject of issuing bonds to erect and repair schoolhouses.

FROM the chancery court of Lincoln county.

HON. H. C. CONN, Chancellor.

The municipal authorities of Boguechitto, the village being a separate school district, levied a tax exceeding three mills on the dollar for the purposes expressed in the first clause of § 4014, code 1892. This was done without the consent of a majority of the taxpayers of the municipality. The collection of the tax was enjoined by appellees. The court below decided adversely to the validity of the levy and the village appealed.

The section of the code in controversy, omitting its headlines, is as follows:

"4014. The mayor and board of aldermen of a municipality constituting a separate school district, shall annually levy a tax sufficient to pay for fuel and other necessaries for its public free

schools, and shall make such levy of taxes as may be necessary
to maintain the schools after the expiration of the four months'
term provided for by the state, or to supplement, during the
four months, the funds distributed by the state. And such
municipality may levy and collect taxes to erect and repair
school buildings, and may issue bonds for that purpose in the
manner provided in the chapter on municipalities. But a tax
in excess of three mills on the dollar shall not be levied or col-
lected without the consent of a majority of the taxpayers of the
municipality.''

*Cassedy & Cassedy,* for appellant.

The vital question in this case, and one in which every sep-
arate school district in the state is interested, involves the
proper construction of § 4014 of the code of 1892. Our con-
tention is that for the purpose of providing for fuel and other
necessaries for its public free schools and to maintain the
schools after the expiration of the four months' term provided
for by the state, or to supplement during the four months the
funds distributed by the state, the municipal authorities of a
separate school district are required to levy such tax as is
deemed necessary to accomplish the purposes named. That
the last paragraph of the section is a limitation only on the
power to tax for the objects mentioned in the last preceding
clause, authorizing a levy to '' erect and repair school build-
ings.'' The language of the first part of the section as to the levy
is mandatory, while to the second it is permissive only. The
power to levy a three-mill tax for the erection and repair of
school buildings is additional to the power to issue bonds for
the same purpose, given by § 3014 of the code, chapter on
municipalities, and referred to in the section to be construed.
The limitation is to be read in connection with § 3014, which
treats of the same subject, the erection of school buildings.
''As a general rule, relative, qualifying or limiting words or
clauses in a statute are to be referred to the next preceding

antecedent, unless the context or the evident meaning of the enactment requires a different construction.''     Black on Interpretation of Laws, 150, rule 65.

*Thomas Brady, Jr.,* for appellees.

This record presents the question whether the mayor and board of aldermen of a municipality, constituting a separate school district, can, without the consent of a majority of its taxpayers, annually levy a tax greater than three mills on the dollar for the purpose of paying for fuel and other necessaries for its free public schools, etc.     Municipal corporations have no inherent power of taxation.     Their right to tax must be by delegation from the state.     47 Miss., 367.     The statute conferring or delegating this power to a municipality must be strictly construed and followed.     Dillon on Munic. Corps., secs. 605–610.     If a municipality have a right, without the consent of a majority of the taxpayers thereof, to make a valid levy of more than three mills on the dollar, it is under § 4014, code 1892.     This section is separated into three paragraphs, the first of which empowers the municipality, constituting a separate school district, to annually levy a tax sufficient to pay for fuel and other necessaries for its free public schools, etc.     The second paragraph provides that such a municipality may levy and collect taxes to erect and repair school buildings, etc.     The third paragraph provides that a tax in excess of three mills on the dollar shall not be levied or collected without the consent of a majority of the taxpayers of the municipality.

The third paragraph restricts the first as well as the second paragraph.     The contention that a limiting or restraining clause is referred to the paragraph next preceding it, does not apply in this case.     The third paragraph is separated and not connected with the first and second, and restricts both of them. To say that it does not limit the power of taxation in the first paragraph, because that construction would clog educational interests, is without merit, because it would produce the same

result to restrict the taxing power in the second paragraph.
The educational progress of the state is not, in fact, clogged by
the third paragraph of the section. A tax sufficient to maintain
the schools for the required time can be levied with the consent
of a majority of the taxpayers. The power to levy a three-mill
tax for the purpose of erecting and repairing school buildings,
is not additional to that given in § 3014, code of 1892.
The fact that both sections have restricting paragraphs shows
that the legislature intended to limit the general taxing power
of municipal authorities; that the purpose of the law is to allow
the taxpayers of municipalities to say whether they shall pay
more than a certain per centum tax.

WHITFIELD, J., delivered the opinion of the court.

The restrictive provisions of the last paragraph of § 4014 of
code of 1892, limit both the preceding paragraphs; and the
provision in the second paragraph as to levying and collecting
taxes to erect and repair school buildings, is not additional to
power to issue bonds for that purpose contained in § 3014 of
said code. .

*Affirmed.*